UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

YVONNE T. NEWMAN,

                Plaintiff,

-against-

EDUCATIONAL CREDIT MANAGEMENT
CORPORATION and WAGE WITHHOLDING
ADMINISTRATOR,

                Defendants.

--------------------------------------------------------X

**REPORT AND RECOMMENDATION**
08-CV-3871 (CBA)(LB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 20 2009
P.M.
TIME A.M.

**BLOOM, United States Magistrate Judge:**

    Plaintiff, Yvonne Newman, brings this *pro se* action against defendants, Educational Credit Management Corporation and Wage Withholding Administrator (collectively "ECMC"), alleging that defendants have garnished her wages for a student loan that she never received. ECMC moves to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). The Honorable Carol B. Amon referred defendants' motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636 (b). For the following reasons, it is respectfully recommended that defendants' motion to dismiss should be granted, and that plaintiff should be given twenty (20) days to amend her complaint should she be able to establish that she filed an adversary proceeding with the bankruptcy court and obtained an undue hardship discharge of her student loans.

## BACKGROUND

    The following facts are drawn from the complaint and the documents incorporated by reference therein. Additionally, the Court takes judicial notice of the documents filed in

1



plaintiff's bankruptcy case, In re Yvonne Newman, 07-bk-41948 (Bkrtcy. E.D.N.Y.). See Harbinger Capital Partners Master Fund I, Ltd. v. Wachovia Capital Markets, LLC, No. 07 Civ. 8139, 2008 WL 3925175, at 1 n.2 (S.D.N.Y. Aug. 26, 2008) (court can take judicial notice of the public filings in a bankruptcy proceeding).

On April 19, 2007, plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of New York. Schedule F of plaintiff's petition lists ECMC as a creditor holding an unsecured nonpriority claim for student loans in the amount of $26,998.39; plaintiff did not mark the debt as "disputed."[1] See Defs.' Ex. A; see also Compl. at 6. The petition, signed by plaintiff on April 19, 2007, states, "I declare under penalty of perjury that I have read the foregoing summary and schedules . . . and that they are true and correct to the best of my knowledge, information, and belief." See Bankruptcy Petition. On August 27, 2009, the Bankruptcy Court issued a "Discharge of Debtor(s) Order of Final Decree." Defs.' Ex. B. The final decree states that "[t]he debtor is granted a discharge under Section 727 of Title 11, United State Code" and that "[t]he Chapter 7 case . . . is closed." Id.

Plaintiff filed this action against ECMC on September 19, 2008, alleging that defendants are garnishing her wages for a student loan that she does not owe. Compl. at 1. Plaintiff states that she has written to ECMC on several occasions to no avail. Id. She attaches a letter to ECMC dated January 11, 2008, which states,

> I, Yvonne Newman do solemnly swear that on or about 1976 or 1977 I attended the University of Bridgeport in Connecticut for about a year which I did not complete. Around that time, I received grants scholarships and a loan for about $2,500.00 total loan amount. Ironically, it is now 32 years later I learned that I owe student loan

---

[1] ECMC states that plaintiff received loans in the amount of $6,875.00 between February 1977 and August 1979. As of October 22, 2008, the balance listed on the loans was $27,241.66. Document 7-2 at 2.

amounting to $27,000.00 that is now collecting from my employer in garnishment from my paycheck . . . I do not owe $27,000 as what was stated from that claim. I therefore deny such claim [and] request for garnishment to be stopped from my wages immediately.

Id. at 4. Plaintiff seeks reimbursement of her garnished wages, $2,000 in damages, and a restraining order to stop defendants from garnishing her wages.

On November 6, 2008, ECMC filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff opposes defendants' motion.

## STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint for "failure to state a claim on which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference. Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). When ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508, n. 1 (2002)); Koppel v. 4987 Corp., 167 F.3d 125, 130 (2d Cir. 1999).

To survive a motion to dismiss, however, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic, 550 127 S. Ct. at 1974. If a plaintiff does not "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Id. Nonetheless, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200

3

(2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). See also Bertin v. U.S., 478 F.3d 489, 491 (2d Cir. 2007) ("We liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions 'to raise the strongest arguments they suggest.'") (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994)).

## DISCUSSION

11 U.S.C. § 727 provides, "[e]xcept as provided in section 523 of this title, a bankruptcy discharge under subsection (a) of this section discharges the debtor from all debts . . ." Under 11 U.S.C. § 523(a)(8),

> [a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for– (A)(i) an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or (ii) an obligation to repay funds received as an educational benefit, scholarship, or stipend; or (B) any other educational loan that is a qualified education loan . . . incurred by a debtor who is an individual.

Simply put, "[u]nless the debtor affirmatively secures a hardship determination, the discharge order will not include a student loan debt." Tenn. Student Assistance Corp. v. Hood, 541 U.S. 440, 450 (2004); see also In re Jackson, No. 05-15085, 2007 WL 2295585, at * 4 (Bkrtcy. S.D.N.Y. Aug. 9, 2007) (debtor entitled to discharge of his student loans pursuant to 11 U.S.C. § 523(a)(8)). Here, defendants argue that "[p]laintiff, despite receiving her discharge in bankruptcy, did not file an adversary proceeding with the bankruptcy court to obtain an undue hardship discharge of the Loans. Accordingly, those loans remain nondischargeable as a matter of law." Document 7-2 at 4 (emphasis in original).

Plaintiff argues that "ECMC is garnishing my wages for a student loan I did not receive";

4

"I received grants scholarships and a loan for about $2,500.00 total loan amount"; and "I do not owe $27,000 as what was stated from that claim." Compl. at 1, 4; see also Pl.'s Opp. (stating "I did not receive a loan of $6875.00"). Nonetheless, Schedule F of plaintiff's bankruptcy petition lists ECMC as a creditor holding an unsecured nonpriority claim for student loans in the amount of $26,998.39. Additionally, plaintiff did not check the box marked "disputed" located next to the ECMC loan but instead, signed the petition to be "true and correct to the best of my knowledge." See Bankruptcy Petition.

Plaintiff asserts that "I was led to believe that I did not have to file a complaint against EMCC [sic] in court because the bankruptcy case was dismissed." See Pl.'s Opp. However, whatever plaintiff may have believed, unless she obtained an undue hardship discharge pursuant to 11 U.S.C. § 523(a)(8), her student loans were not discharged by the bankruptcy order. See Tenn. Student Assistance Corp., 541 U.S. at 444 (student loans under § 523(a)(8) are not included in a "general discharge order unless the bankruptcy court determines that excepting the debt from the order would impose an 'undue hardship' on the debtor.").

Based on Schedule F of plaintiff's bankruptcy petition which directly contradicts plaintiff's allegation here that she does not owe the amount of the loan and the presumption that student loans are not included in a general discharge order, plaintiff's complaint fails to state a clam upon which relief can be granted. Plaintiff has failed to nudge her claim that she never received a student loan and/or that her student loans were discharged by the bankruptcy court across the line from conceivable to plausible. Therefore, defendants' motion to dismiss should be granted.

## CONCLUSION

Accordingly, it is respectfully recommended that defendants' motion to dismiss should be granted. However, in light of plaintiff's *pro se* status and in an abundance of caution, plaintiff should be given twenty (20) days to amend her complaint if she can establish that she filed an adversary proceeding with the bankruptcy court and obtained an undue hardship discharge of the loans.[2] Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794 (2d Cir. 1999).

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636 (b) (1) and Rule 72 (b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).Bkrtcy. S.D.N.Y. Aug. 9, 2007

SO ORDERED.

Lois Bloom
United States Magistrate Judge

Dated: May 19, 2009
Brooklyn, New York

---

[2] This Court makes no ruling on whether plaintiff can move to reopen the Bankruptcy Court proceeding to seek an "undue hardship" discharge of her student loan. See Educational Credit Mgmt. Corp. v. Curiston, 351 B.R. 22, 24 n. 1 (Bkrtcy. D. Conn. Sept. 28, 2006) (upon petition, Bankruptcy Court reopened debtor's bankruptcy case for an adversary proceeding).